# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **MOHAMED TOURE** | * | **CIVIL ACTION NO. 06-0205** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALEZ, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Document No. 1) filed by *pro se* Petitioner Mohamed Toure ("Toure") on February 2, 2006. The Government has filed a response to Toure's petition. (Document No. 8). For reasons stated below, it is recommended that Toure's petition be **DISMISSED without prejudice.**

## BACKGROUND

Toure, a native and citizen of Gambia, who first entered the United States on August 17, 1989, is no stranger to removal proceedings. After being convicted of several drug offenses between 1997 and 1999, Toure was taken into custody by the United States Bureau of Immigration and Customs Enforcement ("ICE"), formerly the Immigration and Naturalization Service, and on October 19, 2000, was ordered removed to his native Gambia. On April 18, 2001, Toure was successfully removed.

Sometime after his removal, Toure illegally reentered the United States at an unknown location, and on July 15, 2005, was arrested in Georgia for reproduction of recorded material and forgery. After his arrest, Toure was transferred into ICE custody and detained pending completion of removal proceedings. On July 22, 2005, pursuant to section 241(a)(5) of the Immigration and Nationality Act, ICE reinstated its 2002 removal order against Toure and instituted efforts to obtain travel documents from the Gambian Embassy. Despite several attempts, ICE has been unsuccessful in securing Toure's travel documents; however, most

recently, on April 20, 2006, ICE learned that the Gambian Embassy was still attempting to verify Toure's identity and that an update would be available after May 1, 2006.

On November 7, 2005, ICE reviewed Toure's custody and issued a decision to continue his detention. As a basis for its decision, ICE cited Toure's felony drug convictions, his prior removal and subsequent illegal reentry, and, finally, his arrest in 2005 for forgery and reproduction of recorded material. Concluding that Toure's prior actions demonstrated a "wilful disregard of the immigration laws and regulation of the United States," ICE continued Toure's detention based on his status as a threat to the community and a flight risk. Govt.'s Exhibit C.

In his petition, Toure's sole claim is a challenge to his post-removal detention under the framework the United States Supreme Court established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). According to Toure, the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

2

In this case, while the presumptively reasonable six-month detention period has indeed expired, Toure has failed to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Here, the Government has demonstrated that it is engaged in ongoing efforts to obtain Toure's travel documents from the Gambian government, and has provided credible evidence to support its belief that travel documents will be issued in the reasonably foreseeable future. While ICE's previously unsuccessful attempts to obtain travel documents would normally militate toward release, Toure's wilful disregard for the law makes these unsuccessful attempts and the delays they cause tolerable, especially in light of ICE's most recent contact with the Gambian government. Toure has failed to provide good reason to believe that his continued detention pending his removal is unconstitutional. Thus, it is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 8th day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

H:\2241\06-0205.050806.rr.klh.frm